# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 21-0126** (BOR Appeal No. 2055651)
                              (Claim No. 2020001574)

**TIMOTHY MYERS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Timothy Myers, by Counsel J. Thomas Greene Jr. and T. Colin Greene, filed a timely response.

The issue on appeal is attorney's fees. On November 13, 2019, Mr. Myers petitioned the Office of Judges for attorney's fees and costs associated with the claims administrator's August 2, 2019, rejection of the claim. The Workers' Compensation Office of Judges ("Office of Judges") granted the request in its August 20, 2020, Order. The Order was affirmed by the Board of Review on January 21, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

See Hammons v. W. Va. Off. of Ins. Comm'r, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in Justice v. West Virginia Office Insurance Commission, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. See also Davies v. W. Va. Off. of Ins. Comm'r, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Myers, a coal miner, struck his right eye with a screwdriver in the course of his employment on July 17, 2019. He sought treatment that day from Wheeling Hospital Emergency Room where he was seen for right eye pain. It was noted that he nicked the upper part of his eyelid. The Employees' and Physicians' Report of Injury was also completed that day and indicates Mr. Myers injured his right eye. The diagnosis was listed as right eye pain.

A July 17, 2019, Marshall County Coal Company Report of Investigation indicates Mr. Myers stated that he injured his eye while trying to open his locker. There was a washer stuck in the crease of the locker, and he was attempting to remove the washer when he struck his eye.

A July 19, 2019, treatment note from C. Clark Milton, M.D., indicates Mr. Myers was treated for right eye trauma. Dr. Milton stated that the injury was mostly to the upper eye lid, but the globe was also involved. He noted that a foreign body was removed from Mr. Myers's eye with a cotton swab at the emergency room and he was given antibiotic drops. Dr. Milton diagnosed right eye foreign body trauma and superior orbit contusion and abrasion. He recommended a follow-up with ophthalmology. Joseph Myers, D.O., diagnosed corneal abrasion on July 23, 2019.

The claims administrator rejected the claim on August 2, 2019, stating that Mr. Myers was not in the course of his employment at the time of the injury. On November 20, 2019, the claims administrator issued a Corrected Order holding the claim compensable for laceration of the eyelid and periocular area. On November 13, 2019, Mr. Myers petitioned the Office of Judges for attorney's fees and costs associated with the claims administrator's August 2, 2019, rejection of the claim.

The Office of Judges granted Mr. Myers's request for attorney's fees and costs on August 20, 2020. The Office of Judges began by noting that West Virginia Code § 23-2C-21(c) provides that upon a determination by the Office of Judges that the claims administrator's denial of compensability was unreasonable, attorney's fees and costs incurred as a result of appealing such decision, shall be awarded to the claimant. A denial is considered unreasonable if the employer is unable to show that such denial had a legal basis supported by legal authority.

2

West Virginia Code of State Rules § 93-1-19.4 defines unreasonable:

> A denial shall be unreasonable if the denial by the private carrier or self-insured employer is without a legal or factual basis. The legal basis for a denial may be based upon any of the following:
>
> **A) Statutes;**
>
> **B) Rules of the Insurance Commissioner;**
>
> **C) Case law; or**
>
> **D) In the absence of relevant West Virginia Case law recognized legal treatises on workers' compensation.**

The mere fact that a denial is reversed is not, in itself, proof that such denial was unreasonable.

The Office of Judges found that Mr. Myers was clearly in the course of his employment at the time of his injury. He was attempting to open his locker to obtain his equipment when he injured his eye. The Office of Judges determined that there is no dispute that Mr. Myers was injured in the course and result of his employment. The claims administrator's decision seems to be based on the misunderstanding that Mr. Myers was engaged in horseplay at the time of his injury. The Office of Judges found no evidence in support of such assertion. It therefore found that the rejection of the claim was unreasonable and ordered that attorney's costs and fees be paid. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 21, 2021.

After review, we agree with the decision of the Office of Judges as affirmed by the Board of Review. The evidence clearly indicates that Mr. Myers was injured while attempting to open his locker to retrieve his work equipment. The claims administrator's rejection of the claim was unreasonable, and attorney's fees and costs are appropriate in this case.

Affirmed.

**ISSUED: April 20, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment